United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELITO V. NOGALIZA AND ANGELA F. NOGALIZA,<br><br>        Plaintiffs,<br><br>  v.<br><br>U.S. BANK, N.A., AS SUCCESSOR TRUSTEE TO BANK OF AMERICA BY MERGER TO LaSALLE BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2007-11AR; REGIONAL TRUSTEE SERVICES CORPORATION; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>        Defendants. | Case No. 12-1383 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiffs Angelito V. Nogaliza and Angela F. Nogaliza ("Plaintiffs") bring this action to challenge the foreclosure of their home in Hercules, California. Defendants U.S. Bank N.A. ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") now move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12 ("MTD"). Defendants also move to strike an affidavit attached to Plaintiffs' First Amended Complaint ("FAC") and to expunge a lis pendens filed by Plaintiffs in connection with this action. Id. The motion is fully briefed. ECF Nos. 14 ("Opp'n"),

18 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. As detailed below, Defendants' motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

In March 2007, Plaintiffs borrowed $453,700, secured by a Deed of Trust against their home in Hercules, California (the "Property"). See ECF No. 1 (First Amended Complaint ("FAC")) ¶ 3; ECF No. 13 (Request for Judicial Notice ("RJN")) Ex. 1 ("Deed of Trust") at 1. The Deed of Trust was executed by Plaintiffs in favor of Alliance Bancorp. Deed of Trust at 1. MERS acted as the beneficiary under the Deed of Trust. Id.

A notice of default was recorded on March 26, 2009, which was later rescinded. RJN Exs. 2, 3. A second notice of default was recorded on November 20, 2011. RJN Ex. 5 ("2nd NOD"). A declaration attached to the second notice of default stated that, pursuant to California Civil Code § 2923.5(a)(2), the beneficiary had contacted Plaintiffs on three occasions -- July 15, 2011, August 19, 2011, and September 10, 2011 -- to assess Plaintiffs' financial situation and explore options to avoid foreclosure. Id. A third notice of default was recorded on November 21, 2011. RJN Ex. 6 ("3rd NOD"). A declaration attached to the third notice of default represented that the beneficiary or its authorized agent had sent Plaintiffs a certified letter as required by California Civil Code section 2923.5(g)(3).[1] Id.

---

[1] Section 2923.5(g)(3) provides that, "[i]f the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or

2

In November 2011, several documents were recorded reflecting changes in the beneficiary and trustee on the Deed of Trust. On November 10, 2011, an Assignment of Deed of Trust was recorded, through which MERS assigned its beneficial interests in the Deed of Trust to U.S. Bank. RJN Ex. 4. Six days later, a Substitution of Trustee was recorded, substituting Regional Service Corporation[2] as trustee under the Deed of Trust. RJN Ex. 7.

The substituted trustee recorded a Notice of Trustee's Sale on February 23, 2012, setting a sale date of March 15, 2012. RJN Ex. 9. The sale date was later postponed to April 26, 2012. It appears that the Property has yet to go to sale.

On January 13, 2012, Plaintiffs commenced the instant action in the Superior Court of the State of California in and for the County of Contra Costa. ECF No. 1 ("Not. of Removal"). On the same day, Plaintiffs recorded a lis pendens referring to the instant action. RJN Ex. 9.

The case was subsequently removed to federal court on diversity grounds. Id. On April 6, 2012, Plaintiffs filed their FAC in federal court. The gravamen of the FAC is that Defendants lack legal standing to initiate foreclosure proceedings against the property. See FAC ¶¶ 24, 26, 29, 41. Plaintiffs allege that, contrary to the statements made in the recorded documents, MERS was not the true beneficiary under the Deed of Trust and, thus, any purported assignment of the Deed of Trust from MERS is invalid.

---

authorized agent shall then send a certified letter, with return receipt requested."

[2] Regional Services Corporation's substitution was recorded by Defendant Regional Trustee Services Corporation. RJN Ex. 7. The two entities share the same address, id., but their relationship is not explained in the papers.

See id. ¶ 22. Plaintiffs also allege that Defendants failed to contact them in accordance with California Civil Code section 2923.5 prior to initiating foreclosure proceedings. See id. ¶ 41. Plaintiffs assert four causes of action: (1) slander of title, (2) wrongful foreclosure, (3) violation of California Civil Code section 2923.5, and (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Id. ¶¶ 20-43. Plaintiffs seek damages and an injunction prohibiting Defendants from proceeding with the foreclosure sale. Id. at 10.

Attached to the FAC is an affidavit by Terri L. Petit ("Petit") concerning her investigation of Plaintiffs' mortgage documents. Among other things, Petit concludes that Plaintiffs' promissory note has been securitized and sold.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 663 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

    **A. Judicial Notice**

As an initial matter, Plaintiffs object to exhibits 1 through 8 to Defendants' RJN, including the Deed of Trust, the notices of default, the Assignment of Deed of Trust, the Substitution of Trustee, and the Notice of Trustee's Sale. ECF No. 14-1 ("Pls.' Obj.") at 1. Plaintiffs argue that, while the Court may take judicial notice of the fact that these documents were recorded, it may not take judicial notice of disputed factual matters stated therein. Id. Plaintiffs do not identify which particular facts they dispute.

Generally, a district court may not consider material outside the pleadings on a Rule 12(b)(6) motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). However, under Federal Rule of Evidence 201, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)

5

(internal quotations omitted). There are limits. For example, "a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" Id.

Accordingly, the Court takes judicial notice of the fact that the documents attached to Defendants' RJN have been publicly recorded. However, the Court does not assume the truth of the facts asserted in those documents. For example, while the Court takes judicial notice of the fact that Defendants recorded the Notice of Default, the Court does not take judicial notice of the fact that Plaintiffs defaulted on their loan.

**B. Slander of Title and Wrongful Foreclosure**

Plaintiffs' claims for slander of title and wrongful foreclosure are based on the allegation that MERS never owned a beneficial interest in the promissory notes or the Deed of Trust and, therefore, MERS lacked the legal authority to assign Plaintiffs' Deed of Trust to U.S. Bank. FAC ¶¶ 21-22, 29-30. Plaintiffs reason that because U.S. Bank cannot be the true beneficiary, it lacks standing to initiate foreclosure proceedings against the Property. Id. ¶¶ 24, 30. Missing from Plaintiffs' allegations is any cogent explanation of why MERS was not the true beneficiary under the Deed of Trust.

Indeed, Plaintiffs' position is inconsistent with the plain language of the Deed of Trust, which states: "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security instrument."[3] Deed of Trust at 1. Faced with

---

[3] MERS's status as the beneficiary is not subject to reasonable dispute since it is set forth in the Deed of Trust, an agreement signed by Plaintiffs. See Section IV.A supra.

6

1 substantially similar language, courts have rejected the argument
2 that MERS lacks the legal authority to record a notice of default.
3 See, e.g., Parcray v. Shea Mortg. Inc., CV-F09-1942OWW/GSA, 2010 WL
4 1659369, at *9-11 (E.D. Cal. Apr. 23, 2010). Likewise, the Court
5 rejects Plaintiffs' position that MERS, which was named as the
6 beneficiary under the Deed of Trust, lacked the authority to assign
7 its interest to U.S. Bank.
8     The Court finds that MERS's assignment of the Deed of Trust
9 was valid and, therefore, that U.S. Bank had standing to initiate
10 foreclosure proceedings against the Property. Accordingly, the
11 Court DISMISSES Plaintiffs' claims for slander of title and
12 wrongful foreclosure WITH PREJUDICE.

### C. California Civil Code Section 2923.5

14     California Civil Code section 2923.5 concerns the notice of
15 default. It requires the "mortgagee, trustee, beneficiary, or
16 authorized agent" seeking to file a notice of default to first
17 contact the borrower in person or by telephone "in order to assess
18 the borrower's financial situation and explore options for the
19 borrower to avoid foreclosure." Id. § 2923.5(a)(2). The notice of
20 default may not be filed until thirty days after this initial
21 contact or after the statute's due diligence requirements are
22 satisfied. Id. § 2923.5(a)(1). Further, the notice of default
23 must include a declaration that the mortgagee, beneficiary, or
24 authorized agent has contacted the borrower. Id. § 2923.5(b).
25 During this initial contact, the party seeking to file a notice of
26 default must advise the borrower that he or she has the right to
27 request a subsequent meeting and, if requested, schedule the
28 meeting within fourteen days. Id. § 2923.5(a)(2). The remedy

available under section 2923.5 is the postponement of a foreclosure sale until the requirements of the statute have been fulfilled. Mabry v. Super. Ct., 185 Cal. App. 4th 208, 214 (Cal. Ct. App. 2010).

Plaintiffs allege that Defendants violated California Civil Code section 2923.5 by failing to contact Plaintiffs at least thirty days prior to recording the Notice of Default. FAC ¶ 37. Plaintiffs also dispute the truth of the declaration attached to the second Notice of Default, which states that Defendants complied with section 2923.5. Id.

Defendants argue that the declarations attached to the second and third notices of default show that Plaintiffs were contacted in accordance with section 2923.5 and that "Plaintiffs make no specific allegation that they were not contacted." MTD at 9. This argument lacks merit. While the Court may take judicial notice of the declarations cited by Defendants, it is not bound to assume the truth of the facts asserted in those declarations. Lee, 250 F.3d at 689. In the FAC, Plaintiffs expressly dispute the veracity of these declarations and allege that "Plaintiffs were never contacted." FAC ¶ 37. As this is a motion to dismiss, the Court must assume that Plaintiffs' allegations are true. In their reply, Defendants argue that "Plaintiffs fail to allege how or why no phone calls were received on the dates specified [in the declarations]." Reply at 4. Plaintiffs need not allege such facts. They have pled that they were not contacted in accordance with section 2923.5. That is sufficient.

Defendants also argue that Plaintiffs have already been afforded the only relief available under section 2923.5, a

postponement of the noticed foreclosure sale. MTD at 10. The logic underlying this argument is flawed. It is true that the only remedy available for section 2923.5 violation is the postponement of a foreclosure sale. Mabry, 185 Cal. App. 4th at 235. However, the purpose of such a postponement is to give the lender an opportunity to comply with the requirements of the statute. See Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 886-87 (N.D. Cal. 2011). A lender may not evade the procedural requirements of section 2923.5 merely by postponing a scheduled foreclosure sale. If this were the case, postponement would be an empty gesture. Here, the foreclosure sale of the Property has been postponed by several months, but there is no indication that Defendants have used this additional time to cure the alleged section 2923.5 violation by contacting Plaintiffs.

For these reasons, the Court DENIES Defendants' motion to dismiss with respect to Plaintiffs' claim under section 2923.5.

### D. Unfair Competition Law ("UCL")

Defendants argue that the UCL claim fails for lack of specificity. MTD at 10-11 (citing Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618 (1993)). But the specifics of Plaintiffs' UCL claim are relatively clear. Plaintiffs allege that Defendants engaged in an unlawful practice by commencing foreclosure proceedings without first contacting Plaintiffs in accordance with section 2923.5 and filing a declaration with the Notice of Default which falsely states that Plaintiffs were contacted in accordance with section 2923.5. Compl. ¶ 41. Defendants also argue that Plaintiffs improperly "lump both Defendants into one cause of action and allege[] facts that only

relate to lending and origination claims." MTD at 11. This argument misconstrues Plaintiffs' UCL claim, which is predicated on Defendants' foreclosure procedures, not their loan origination practices. Accordingly, the Court DENIES Defendants' motion with respect to Plaintiffs' UCL claim.

### E. Motion to Strike

Defendants move to strike the Petit affidavit attached to the FAC. MTD at 11-12. Plaintiffs do not challenge the motion to strike.

Rule 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A copy of a written instrument that is attached to a pleading "is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "A written instrument within the meaning of Rule 10(c) is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." DeMarco v. DepoTech Corp., 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (internal quotations omitted). "[W]itness affidavits and other exhibits containing largely evidentiary material typically do not fall within Rule 10(c)'s category of 'written instruments.'" Montgomery v. Buege, CIV. 08-385 WBS KJM, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009). "Affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

1    Here, the Petit affidavit does not form the basis of the
2 claims alleged in the FAC.  The FAC makes no mention of the Petit
3 affidavit and the central conclusion of the affidavit -- that
4 Plaintiffs' loan was securitized -- appears to be irrelevant to the
5 claims asserted in the FAC.  Further, the Petit Affidavit does not
6 constitute documentary evidence and, as such, is not a written
7 instrument within the meaning of Rule 10(c).  Plaintiffs attached
8 the affidavit to bolster their legal conclusions, not to document
9 any agreement underlying their claims.  Accordingly, the Court
10 STRIKES the Petit Affidavit.

## V.   CONCLUSION

For the reasons set forth above, Defendants U.S. Bank and MERS's Motion to Dismiss is GRANTED in part and DENIED in part. The Court DISMISSES with prejudice Plaintiffs Angelito V. Nogaliza and Angela F. Nogaliza's claims for slander of title and wrongful foreclosure.  Plaintiffs' claims for violation of California Civil Code § 2923.5 and the UCL remain undisturbed and, as such, the Court declines to expunge the lis pendens filed in connection with this action.  The Court also STRIKES the declaration of Terri L. Petit.

IT IS SO ORDERED.

Dated:  July 24, 2012                    _____
                                         UNITED STATES DISTRICT JUDGE