IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELITO V. NOGALIZA AND ANGELA F. NOGALIZA, | ) Case No. 12-1383 SC |
| | ) |
| Plaintiffs, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANTS' |
| v. | ) <u>MOTION TO DISMISS</u> |
| | ) |
| U.S. BANK, N.A., AS SUCCESSOR | ) |
| TRUSTEE TO BANK OF AMERICA BY | ) |
| MERGER TO LaSALLE BANK, N.A., | ) |
| AS TRUSTEE FOR MORGAN STANLEY | ) |
| MORTGAGE LOAN TRUST 2007-11AR; | ) |
| REGIONAL TRUSTEE SERVICES | ) |
| CORPORATION; AND MORTGAGE | ) |
| ELECTRONIC REGISTRATION | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## I.   **INTRODUCTION**

Plaintiffs Angelito V. Nogaliza and Angela F. Nogaliza ("Plaintiffs") bring this action to challenge the foreclosure of their home in Hercules, California.  Defendants U.S. Bank N.A. ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") now move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 12 ("MTD").  Defendants also move to strike an affidavit attached to Plaintiffs' First Amended Complaint ("FAC") and to expunge a lis pendens filed by Plaintiffs in connection with this action.  <u>Id.</u>  The motion is fully briefed.  ECF Nos. 14 ("Opp'n"),

18 ("Reply").  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. As detailed below, Defendants' motion is GRANTED in part and DENIED in part.

**II.  <u>BACKGROUND</u>**

In March 2007, Plaintiffs borrowed $453,700, secured by a Deed of Trust against their home in Hercules, California (the "Property").  <u>See</u> ECF No. 1 (First Amended Complaint ("FAC")) ¶ 3; ECF No. 13 (Request for Judicial Notice ("RJN")) Ex. 1 ("Deed of Trust") at 1.  The Deed of Trust was executed by Plaintiffs in favor of Alliance Bancorp.  Deed of Trust at 1.  MERS acted as the beneficiary under the Deed of Trust.  <u>Id.</u>

A notice of default was recorded on March 26, 2009, which was later rescinded.  RJN Exs. 2, 3.  A second notice of default was recorded on November 20, 2011.  RJN Ex. 5 ("2nd NOD").  A declaration attached to the second notice of default stated that, pursuant to California Civil Code § 2923.5(a)(2), the beneficiary had contacted Plaintiffs on three occasions -- July 15, 2011, August 19, 2011, and September 10, 2011 -- to assess Plaintiffs' financial situation and explore options to avoid foreclosure.  <u>Id.</u> A third notice of default was recorded on November 21, 2011.  RJN Ex. 6 ("3rd NOD").  A declaration attached to the third notice of default represented that the beneficiary or its authorized agent had sent Plaintiffs a certified letter as required by California Civil Code section 2923.5(g)(3).[1]  <u>Id.</u>

---

[1] Section 2923.5(g)(3) provides that, "[i]f the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

        In November 2011, several documents were recorded reflecting

changes in the beneficiary and trustee on the Deed of Trust.  On

November 10, 2011, an Assignment of Deed of Trust was recorded,

through which MERS assigned its beneficial interests in the Deed of

Trust to U.S. Bank.  RJN Ex. 4.  Six days later, a Substitution of

Trustee was recorded, substituting Regional Service Corporation[2] as

trustee under the Deed of Trust.  RJN Ex. 7.

        The substituted trustee recorded a Notice of Trustee's Sale on

February 23, 2012, setting a sale date of March 15, 2012.  RJN Ex.

9.  The sale date was later postponed to April 26, 2012.  It

appears that the Property has yet to go to sale.

        On January 13, 2012, Plaintiffs commenced the instant action

in the Superior Court of the State of California in and for the

County of Contra Costa.  ECF No. 1 ("Not. of Removal").  On the

same day, Plaintiffs recorded a lis pendens referring to the

instant action.  RJN Ex. 9.

        The case was subsequently removed to federal court on

diversity grounds.  Id.  On April 6, 2012, Plaintiffs filed their

FAC in federal court.  The gravamen of the FAC is that Defendants

lack legal standing to initiate foreclosure proceedings against the

property.  See FAC ¶¶ 24, 26, 29, 41.  Plaintiffs allege that,

contrary to the statements made in the recorded documents, MERS was

not the true beneficiary under the Deed of Trust and, thus, any

purported assignment of the Deed of Trust from MERS is invalid.

---

authorized agent shall then send a certified letter, with return
receipt requested."

[2] Regional Services Corporation's substitution was recorded by
Defendant Regional Trustee Services Corporation.  RJN Ex. 7.  The
two entities share the same address, id., but their relationship is
not explained in the papers.

1  See id. ¶ 22.  Plaintiffs also allege that Defendants failed to

2  contact them in accordance with California Civil Code section

3  2923.5 prior to initiating foreclosure proceedings.  See id. ¶ 41.

4  Plaintiffs assert four causes of action:  (1) slander of title, (2)

5  wrongful foreclosure, (3) violation of California Civil Code

6  section 2923.5, and (4) violation of California's Unfair

7  Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

8  Id. ¶¶ 20-43.  Plaintiffs seek damages and an injunction

9  prohibiting Defendants from proceeding with the foreclosure sale.

10 Id. at 10.

11     Attached to the FAC is an affidavit by Terri L. Petit

12 ("Petit") concerning her investigation of Plaintiffs' mortgage

13 documents.  Among other things, Petit concludes that Plaintiffs'

14 promissory note has been securitized and sold.

15

16 **III. LEGAL STANDARD**

17     A motion to dismiss under Federal Rule of Civil Procedure

18 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

19 Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

20 on the lack of a cognizable legal theory or the absence of

21 sufficient facts alleged under a cognizable legal theory."

22 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

23 1988).  "When there are well-pleaded factual allegations, a court

24 should assume their veracity and then determine whether they

25 plausibly give rise to an entitlement to relief."  Ashcroft v.

26 Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

27 must accept as true all of the allegations contained in a complaint

28 is inapplicable to legal conclusions.  Threadbare recitals of the

United States District Court
For the Northern District of California

1   elements of a cause of action, supported by mere conclusory

2   statements, do not suffice."  Id. at 663 (citing Bell Atl. Corp. v.

3   Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a

4   complaint must be both "sufficiently detailed to give fair notice

5   to the opposing party of the nature of the claim so that the party

6   may effectively defend against it" and "sufficiently plausible"

7   such that "it is not unfair to require the opposing party to be

8   subjected to the expense of discovery."  Starr v. Baca, 633 F.3d

9   1191, 1204 (9th Cir. 2011).

10

11   **IV.   DISCUSSION**

12          **A.    Judicial Notice**

13          As an initial matter, Plaintiffs object to exhibits 1 through

14   8 to Defendants' RJN, including the Deed of Trust, the notices of

15   default, the Assignment of Deed of Trust, the Substitution of

16   Trustee, and the Notice of Trustee's Sale.  ECF No. 14-1 ("Pls.'

17   Obj.") at 1.  Plaintiffs argue that, while the Court may take

18   judicial notice of the fact that these documents were recorded, it

19   may not take judicial notice of disputed factual matters stated

20   therein.  Id.  Plaintiffs do not identify which particular facts

21   they dispute.

22          Generally, a district court may not consider material outside

23   the pleadings on a Rule 12(b)(6) motion to dismiss.  Hal Roach

24   Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550

25   (9th Cir. 1989).  However, under Federal Rule of Evidence 201, "[a]

26   court may take judicial notice of matters of public record without

27   converting a motion to dismiss into a motion for summary judgment."

28   Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)

1  (internal quotations omitted).  There are limits.  For example, "a
2  court may not take judicial notice of a fact that is 'subject to
3  reasonable dispute.'"  <u>Id.</u>

4      Accordingly, the Court takes judicial notice of the fact that
5  the documents attached to Defendants' RJN have been publicly
6  recorded.  However, the Court does not assume the truth of the
7  facts asserted in those documents.  For example, while the Court
8  takes judicial notice of the fact that Defendants recorded the
9  Notice of Default, the Court does not take judicial notice of the
10  fact that Plaintiffs defaulted on their loan.

11          **B.   Slander of Title and Wrongful Foreclosure**

12      Plaintiffs' claims for slander of title and wrongful
13  foreclosure are based on the allegation that MERS never owned a
14  beneficial interest in the promissory notes or the Deed of Trust
15  and, therefore, MERS lacked the legal authority to assign
16  Plaintiffs' Deed of Trust to U.S. Bank.  FAC ¶¶ 21-22, 29-30.
17  Plaintiffs reason that because U.S. Bank cannot be the true
18  beneficiary, it lacks standing to initiate foreclosure proceedings
19  against the Property.  <u>Id.</u> ¶¶ 24, 30.  Missing from Plaintiffs'
20  allegations is any cogent explanation of why MERS was not the true
21  beneficiary under the Deed of Trust.

22      Indeed, Plaintiffs' position is inconsistent with the plain
23  language of the Deed of Trust, which states: "MERS is a separate
24  corporation that is acting solely as a nominee for Lender and
25  Lender's successors and assigns.  MERS is the beneficiary under
26  this Security instrument."[3]  Deed of Trust at 1.  Faced with

27  _____
28  [3] MERS's status as the beneficiary is not subject to reasonable
   dispute since it is set forth in the Deed of Trust, an agreement
   signed by Plaintiffs.  <u>See</u> Section IV.A <u>supra</u>.

**United States District Court**
For the Northern District of California

1    substantially similar language, courts have rejected the argument

2    that MERS lacks the legal authority to record a notice of default.

3    See, e.g., Parcray v. Shea Mortg. Inc., CV-F09-1942OWW/GSA, 2010 WL

4    1659369, at *9-11 (E.D. Cal. Apr. 23, 2010).  Likewise, the Court

5    rejects Plaintiffs' position that MERS, which was named as the

6    beneficiary under the Deed of Trust, lacked the authority to assign

7    its interest to U.S. Bank.

8         The Court finds that MERS's assignment of the Deed of Trust

9    was valid and, therefore, that U.S. Bank had standing to initiate

10   foreclosure proceedings against the Property.  Accordingly, the

11   Court DISMISSES Plaintiffs' claims for slander of title and

12   wrongful foreclosure WITH PREJUDICE.

13        **C.   California Civil Code Section 2923.5**

14        California Civil Code section 2923.5 concerns the notice of

15   default.  It requires the "mortgagee, trustee, beneficiary, or

16   authorized agent" seeking to file a notice of default to first

17   contact the borrower in person or by telephone "in order to assess

18   the borrower's financial situation and explore options for the

19   borrower to avoid foreclosure."  Id. § 2923.5(a)(2).  The notice of

20   default may not be filed until thirty days after this initial

21   contact or after the statute's due diligence requirements are

22   satisfied.  Id. § 2923.5(a)(1).  Further, the notice of default

23   must include a declaration that the mortgagee, beneficiary, or

24   authorized agent has contacted the borrower.  Id. § 2923.5(b).

25   During this initial contact, the party seeking to file a notice of

26   default must advise the borrower that he or she has the right to

27   request a subsequent meeting and, if requested, schedule the

28   meeting within fourteen days.  Id. § 2923.5(a)(2).  The remedy

United States District Court
For the Northern District of California

1  available under section 2923.5 is the postponement of a foreclosure

2  sale until the requirements of the statute have been fulfilled.

3  Mabry v. Super. Ct., 185 Cal. App. 4th 208, 214 (Cal. Ct. App.

4  2010).

5      Plaintiffs allege that Defendants violated California Civil

6  Code section 2923.5 by failing to contact Plaintiffs at least

7  thirty days prior to recording the Notice of Default.  FAC ¶ 37.

8  Plaintiffs also dispute the truth of the declaration attached to

9  the second Notice of Default, which states that Defendants complied

10 with section 2923.5.   Id.

11     Defendants argue that the declarations attached to the second

12 and third notices of default show that Plaintiffs were contacted in

13 accordance with section 2923.5 and that "Plaintiffs make no

14 specific allegation that they were not contacted."  MTD at 9.  This

15 argument lacks merit.  While the Court may take judicial notice of

16 the declarations cited by Defendants, it is not bound to assume the

17 truth of the facts asserted in those declarations.  Lee, 250 F.3d

18 at 689.  In the FAC, Plaintiffs expressly dispute the veracity of

19 these declarations and allege that "Plaintiffs were never

20 contacted."  FAC ¶ 37.  As this is a motion to dismiss, the Court

21 must assume that Plaintiffs' allegations are true.  In their reply,

22 Defendants argue that "Plaintiffs fail to allege how or why no

23 phone calls were received on the dates specified [in the

24 declarations]."  Reply at 4.  Plaintiffs need not allege such

25 facts.  They have pled that they were not contacted in accordance

26 with section 2923.5.  That is sufficient.

27     Defendants also argue that Plaintiffs have already been

28 afforded the only relief available under section 2923.5, a

**United States District Court**
For the Northern District of California

1   postponement of the noticed foreclosure sale.  MTD at 10.  The

2   logic underlying this argument is flawed.  It is true that the only

3   remedy available for section 2923.5 violation is the postponement

4   of a foreclosure sale.  <u>Mabry</u>, 185 Cal. App. 4th at 235.  However,

5   the purpose of such a postponement is to give the lender an

6   opportunity to comply with the requirements of the statute.  <u>See</u>

7   <u>Shaterian v. Wells Fargo Bank, N.A.</u>, 829 F. Supp. 2d 873, 886-87

8   (N.D. Cal. 2011).  A lender may not evade the procedural

9   requirements of section 2923.5 merely by postponing a scheduled

10  foreclosure sale.  If this were the case, postponement would be an

11  empty gesture.  Here, the foreclosure sale of the Property has been

12  postponed by several months, but there is no indication that

13  Defendants have used this additional time to cure the alleged

14  section 2923.5 violation by contacting Plaintiffs.

15      For these reasons, the Court DENIES Defendants' motion to

16  dismiss with respect to Plaintiffs' claim under section 2923.5.

17      **D.    <u>Unfair Competition Law ("UCL")</u>**

18      Defendants argue that the UCL claim fails for lack of

19  specificity.  MTD at 10-11 (citing <u>Khoury v. Maly's of California,</u>

20  <u>Inc.</u>, 14 Cal. App. 4th 612, 618 (1993)).  But the specifics of

21  Plaintiffs' UCL claim are relatively clear.  Plaintiffs allege that

22  Defendants engaged in an unlawful practice by commencing

23  foreclosure proceedings without first contacting Plaintiffs in

24  accordance with section 2923.5 and filing a declaration with the

25  Notice of Default which falsely states that Plaintiffs were

26  contacted in accordance with section 2923.5.  Compl. ¶ 41.

27  Defendants also argue that Plaintiffs improperly "lump both

28  Defendants into one cause of action and allege[] facts that only

**United States District Court**
For the Northern District of California

1  relate to lending and origination claims."  MTD at 11.  This

2  argument misconstrues Plaintiffs' UCL claim, which is predicated on

3  Defendants' foreclosure procedures, not their loan origination

4  practices.  Accordingly, the Court DENIES Defendants' motion with

5  respect to Plaintiffs' UCL claim.

6  **E.   Motion to Strike**

7  Defendants move to strike the Petit affidavit attached to the

8  FAC.  MTD at 11-12.  Plaintiffs do not challenge the motion to

9  strike.

10  Rule 12(f) provides that a court may, on its own or on a

11  motion, "strike from a pleading an insufficient defense or any

12  redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

13  Civ. P. 12(f).  A copy of a written instrument that is attached to

14  a pleading "is a part of the pleading for all purposes."  Fed. R.

15  Civ. P. 10(c).  "A written instrument within the meaning of Rule

16  10(c) is a document evidencing legal rights or duties or giving

17  formal expression to a legal act or agreement, such as a deed,

18  will, bond, lease, insurance policy or security agreement."

19  DeMarco v. DepoTech Corp., 149 F. Supp. 2d 1212, 1220 (S.D. Cal.

20  2001) (internal quotations omitted).  "[W]itness affidavits and

21  other exhibits containing largely evidentiary material typically do

22  not fall within Rule 10(c)'s category of 'written instruments.'"

23  Montgomery v. Buege, CIV. 08-385 WBS KJM, 2009 WL 1034518, at *3

24  (E.D. Cal. Apr. 16, 2009).  "Affidavits and declarations . . . are

25  not allowed as pleading exhibits unless they form the basis of the

26  complaint."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.

27  2003).

28

**United States District Court**
For the Northern District of California

Here, the Petit affidavit does not form the basis of the claims alleged in the FAC.  The FAC makes no mention of the Petit affidavit and the central conclusion of the affidavit -- that Plaintiffs' loan was securitized -- appears to be irrelevant to the claims asserted in the FAC.  Further, the Petit Affidavit does not constitute documentary evidence and, as such, is not a written instrument within the meaning of Rule 10(c).  Plaintiffs attached the affidavit to bolster their legal conclusions, not to document any agreement underlying their claims.  Accordingly, the Court STRIKES the Petit Affidavit.

**V.    CONCLUSION**

For the reasons set forth above, Defendants U.S. Bank and MERS's Motion to Dismiss is GRANTED in part and DENIED in part. The Court DISMISSES with prejudice Plaintiffs Angelito V. Nogaliza and Angela F. Nogaliza's claims for slander of title and wrongful foreclosure.  Plaintiffs' claims for violation of California Civil Code § 2923.5 and the UCL remain undisturbed and, as such, the Court declines to expunge the lis pendens filed in connection with this action.  The Court also STRIKES the declaration of Terri L. Petit.


IT IS SO ORDERED.


Dated:  July 24, 2012                    _____

                                        UNITED STATES DISTRICT JUDGE